[No. 4932.]

SARAH E. RUSH, ADMINISTRATRIX OF THE ESTATE OF HIRAM RUSH, DECEASED, *v.* C. W. McDERMOTT AND J. G. JOHNSTON.

POWER OF AN ADMINISTRATOR.—An administrator, as such, has no power to bind the heirs by consenting to a proceeding under the provisions of the Political Code for laying out a highway over the lands of the estate, by which such heirs are divested of their estate in the lands.

IDEM.—The consent of an administrator to the laying out and opening a highway under the provisions of the Political Code across the land of the estate, confers no right and is void.

APPEAL from the District Court, Seventh Judicial District, County of Solano.

The estate of Hiram Rush, deceased, owned the east half of section nine, township four north, range one west, Mount Diablo meridian, Solano County. The plaintiff was admin-

istratrix, and, as administratrix, along with seventeen other persons, inhabitants of the road district, signed a petition to the board of supervisors to lay out a road over said land and other lands adjoining. The petition stated that "Sarah E. Rush, administratrix," consented to the laying out and opening of the road. The board appointed viewers and proceeded regularly under the provisions of the Political Code, Secs. 2698 to 2714, but did not give the plaintiff notice of any of its proceedings. Damages were assessed as to all the non-consenting land-owners, but the plaintiff was regarded as consenting, and damages as to said land were not assessed. The board, on the 9th day of June, 1873, declared the road a public highway, and the defendant McDermott, who was one of the supervisors, and the defendant Johnston, who was road commissioner, were proceeding to tear down fences to open the same. This was a bill to enjoin them from proceeding further. The court below gave judgment for the defendants, and the plaintiff appealed.

*H. F. Crane,* for the Appellant

Sarah E. Rush, as the administratrix of the estate, was not the *owner* of the lands of said estate in such sense that she could alienate or transfer any interest therein except in the mode pointed out by the laws governing estates and administrators. An administrator of an estate has no power to give away the lands of an estate.

Under our system, both the real and personal estate of an intestate vests in the heir, subject only to the lien of the administrator for the payment of debts and expenses of administration. (*Updegraff* v. *Trask,* 18 Cal. 458; *Beckett* v. *Selover,* 7 Cal. 238; *Estate of Woodworth,* 31 Cal. 604; *Haynes* v. *Meeks,* 10 Cal. 120; *Chapman* v. *Hollister,* 42 Cal. 463; *Meeks* v. *Hahn,* 20 Cal. 627.)

*J. F. Wendell and J. McKenna,* for the Respondents.

We claim that the administratrix had authority to bind the estate by her signature to the petition.

In this State an administratrix has exclusive possession of all the property, real and personal, of the intestate, and

is therefore the necessary party in all suits or proceedings concerning the same.   (8 Cal. 580; 15 Id. 264; 42 Id. 462.)

By the COURT:

The administratrix has no power to bind the heirs by consenting to a proceeding under the provisions of the Political Code for laying out a public highway, by which they are divested of their estate in lands without their consent.   If her acts in this case are to be construed as a consent on her part to the proceeding, they are to that extent void, and are not obligatory either upon her as administratrix or upon the heirs; and aside from the assumed assent of the administratrix, it is not pretended that any other person interested in the estate assented, or that any steps were taken to condemn the land.   Under these circumstances, the order for establishing the road and declaring it to be a public highway cannot be supported.

Judgment and order reversed, and cause remanded.   Remittitur forthwith.