## EL PUEBLO *v.* SAN MIGUEL ET AL.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 51.—Resuelto en febrero 25, 1904.

SENTENCIA—ERRORES EN LA MISMA.—El tribunal inferior tiene facultades para corregir aquellos errores en que hubiere incurrido al dictar sentencia y tales errores no producen necesariamente la nulidad de la sentencia.

APELACIÓN—ERRORES O DEFECTOS DE CARÁCTER TÉCNICO.—El Tribunal Supremo está obligado a dictar sentencia sin consideración alguna a errores o defectos de carácter técnico.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. del Toro, Fiscal.*

La parte apelante no compareció.

EL JUEZ ASOCIADO SR. MACLEARY, emitió la siguiente opinión del tribunal:

Los demandados en la presente causa, que son los apelantes en este tribunal, fueron acusados en la Corte de Distrito de Arecibo, según se expresa en la acusación, como sigue:

"En Ciales, barrio Pozos, la noche del 29 de agosto de 1903, los (*) citados Pedro Angel San Miguel Rodríguez y Celedonio Robles, puestos de acuerdo, maliciosamente y con intención criminal, intentaron pegar fuego en la casa que habita Manuel Burgos, sita en dicho barrio, impregnando de gas un tabique y las pencas del techo de dicha casa, sin lograr realizar sus propósitos, por haberlo impedido el referido Manuel Burgos, quien se levantó al percibir el olor del gas, en cuyo momento emprendieron la fuga los acusados."

Esta acusación fué debidamente presentada por el Fiscal, y los acusados se declararon no culpables, y eligieron ser juz-

gados por un jurado.    Se celebró el juicio por jurado, y éste
dió un veredicto de culpable, y la corte pronunció sentencia,
condenando al acusado Pedro Angel San Miguel, a la pena
de dos años de presidio con trabajos forzados, y al también
acusado Celedonio Robles, a la de un año de la misma pena
con trabajos forzados.

Contra esta sentencia, ambos interpusieron recurso de ape-
lación sin presentar pliego de excepciones.

El único fundamento sobre el cual podría basarse la revo-
cación de la sentencia, es el hecho de que la sentencia de la
corte condena a los demandados "por el delito de incendio
malicioso que les fué imputado a ambos por el Ministerio
Fiscal," mientras que la acusación les imputa solamente la
tentativa.

El Fiscal de este tribunal alega que es claro que es un
error de pluma, y que en virtud de que no existe pliego de
excepciones, debe confirmarse la sentencia.

Un error cometido al registrar una sentencia en el libro
correspondiente, no invalida necesariamente dicha sentencia,
y ciertamente puede subsanarse el error.    *El Pueblo* v. *Mur-*
*back,* 64 Cal., 370; y puesto que esta sentencia fué debida-
mente enmendada el 11 de noviembre de 1903 por el tri-
bunal que la había dictado, y como consta claramente de los
autos en esta causa que el tribunal no tuvo la intención de
dictar la sentencia que en realidad fué registrada en el libro
de sentencias, por cuanto se expresa en la sentencia que (*)
el delito que se le imputaba a los acusados en la información,
era el de incendio malicioso y no el de tentativa de incendio,
lo que efectivamente era cierto, la enmienda fué hecha legal
y propiamente.    Semejante error puede corregirse más fácil
y propiamente en el tribunal sentenciador que tiene a la vista,
en los autos, los datos con que hacer tal corrección, haciendo
en esta forma que la sentencia se ajuste a la acusación y
sea compatible consigo misma.    Y habiéndose corregido el
error, no queda motivo por el cual deba anularse la sentencia.

Y además, el Código de Enjuiciamiento Criminal en el artículo 362, ordena a este tribunal que dicte sentencia sin parar mientes en errores o defectos técnicos, y nos vemos obligados a seguir este camino. Este es el curso que se sigue en California. *El Pueblo* v. *Turley,* 50 Cal., 471. Puesto que se ha hecho completa justicia por la sentencia dictada en esta causa, debe confirmarse la misma.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández y Figueras.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista de esta causa.