THE PEOPLE *v.* SAN MIGUEL ET AL.

APPEAL from the District Court of Arecibo.

No. 51.—Decided February 25, 1904.

JUDGMENT—ERRORS.—The trial court has the power to correct such errors as may have been committed in entering judgment, and such errors do not necessarily invalidate the judgment.

APPEAL—TECHNICAL ERRORS OR DEFECTS.—The Supreme Court is obliged to render judgment without regard to errors or defects of a technical character.

The facts are stated in the opinion.

*Mr. del Toro, Fiscal,* for respondent.

The appellants did not appear.

MR. JUSTICE MACLEARY delivered the following opinion of the court:

The defendants in this case, who are in this court the appellants, were charged in the District Court of Arecibo, as expressed in the information, as follows:

"In Ciales, barrio of 'Pozos,' on the night of the 29th of August,

citados Pedro Angel San Miguel Rodriguez y Celedonio Robles, puestos de acuerdo, maliciosamente y con intención criminal, intentaron pegar fuego en la casa que habita Manuel Burgos, sita en dicho barrio, impregnando de gas un tabique y las pencas del techo de dicha casa, sin lograr realizar sus propósitos, por haberlo impedido el referido Manuel Burgos, quien se levantó al percibir el olor del gas, en cuyo momento emprendieron la fuga los acusados''.

Esta acusación fué debidamente presentada por el Fiscal, y los acusados se declararon no culpables, y eligieron ser juzgados por un jurado. Se celebró el juicio por jurado, y éste dió un veredicto de culpable, y la Corte pronunció sentencia, condenando al acusado, Pedro Angel San Miguel, á la pena de dos años de presidio con trabajos forzados, y al también acusado Celedonio Robles, á la de un año de la misma pena, con trabajos forzados.

Contra esta sentencia, ambos interpusieron recurso de apelación ,sin presentar pliego de excepciones.

El único fundamento sobre el cual podría basarse la revocación de la sentencia, es el hecho de que la sentencia de la Corte condena á los demandados '' por el delito de incendio malicioso que les fué imputado á ambos por el Ministerio Fiscal'', mientras que la acusación les imputa solamente la tentativa.

El Fiscal de este Tribunal alega que es claro que es un error de pluma, y que en virtud de que no existe pliego de excepciones, debe confirmarse la sentencia.

Un error cometido al registrar una sentencia en el libro correspondiente, no invalida necesariamente dicha sentencia, y ciertamente puede subsanarse el error. (El Pueblo contra Murback, 64 Cal., 370); y puesto que esta sentencia fué debidamente enmendada, el 11 de Noviembre de 1903, por el Tribunal que la habia dictado, y como consta claramente de los autos en esta causa, que el Tribunal no tuvo la intención de dictar la sentencia que en realidad fué registrada en el libro de sentencias, por cuanto se expresa en la sentencia, que

1903, the said Pedro Angel San Miguel Rodríguez and Celedonio Robles conspired together maliciously and with criminal intent, and tried to set on fire the house which was inhabited by Manuel Burgos, situated in said *barrio,* saturating with kerosene oil a partition and the thatch of the roof of the said house without succeeding in accomplishing their purpose, being hindered by the said Manuel Burgos, who got up on perceiving the odor of the kerosene, at which moment the accused took to flight."

The accusation was duly presented by the *Fiscal,* and the accused pleaded not guilty, and elected to be tried by jury. The jury trial was held, and the jury gave a verdict of guilty, and the court pronounced the sentence condemning the accused, Pedro Angel San Miguel, to the punishment of two years in the penitentiary at hard labor, and the defendant, Celedonio Robles, to one year at hard labor and similar imprisonment.

Against this sentence they both interposed an appeal without taking any bill of exceptions.

The only ground on which a reversal of the judgment could be predicated is the fact that the sentence of the court condemns the defendants "for the crime of malicious arson which was imputed to both by the district attorney," while the information charges them with the attempt only.

The *Fiscal* of this court claims this is clearly a clerical error, and that, there being no bill of exceptions, the judgment should be affirmed.

An error in entering a judgment does not necessarily invalidate it and it can certainly be amended (*People* v. *Murback,* 64 Cal. 370); and since this judgment was properly amended, on the 11th of November, 1903, by the court which rendered it, and it plainly appears from the record in this case that the court did not intend to render the judgment which was really entered, since it is said in the judgment that the defendants were charged in the information with the crime of arson, and not with an attempt to commit arson, as

el delito que se le imputaba á los acusados en la información, era el de incendio malicioso y no el de tentativa de incendio, lo que efectivamente era cierto, la enmienda fué hecha legal y propiamente.  Semejante error puede corregirse más fácil y propiamente en el Tribunal sentenciador, que tiene á la vista, en los autos, los datos con qué hacer tal corrección, haciendo en esta forma que la sentencia se ajuste á la acusación, y esté compatible consigo misma.  Y habiéndose corregido el error, no queda motivo por el cual deba anularse la sentencia.

Y además, el Código de Enjuiciamiento Criminal, en el Artículo 362, ordena á este Tribunal que dicte sentencia sin parar mientes en errores ó defectos técnicos, y nos vemos obligados á seguir este camino.  Este es el curso que se sigue en California.  (El Pueblo contra Turley, 50 Cal., 471).  Puesto que se ha hecho completa justicia por la sentencia dictada en esta causa, debe confirmarse la misma.

*Confirmada.*

Jueces concurrentes, Sres. Presidente. Quiñones, y Asociados Hernández y Figueras.

El Juez AsociadoSr. Sulzbacher no formó Tribunal en la vista de esta causa.

was really the case, the correction was legally and properly made. Such an error can be more readily and properly corrected in the trial court which has before it, in the record, data on which to make such a correction, and thus cause the judgment of the court to follow the information and be consistent with itself. The error having been corrected no ground remains on which to reverse it.

And, moreover, the Code of Criminal Procedure, in section 362, plainly directs this court to "give judgment without regard to technical errors or defects," and we feel constrained to follow that path. This is the course pursued in California (*People v. Turley,* 50 Cal. 471).

Substantial justice having been done by the judgment in this case it must be affirmed.

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.